**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN PASCUCCI, | : | |
| 895 Scholl Road | : | |
| Pottstown, Pennsylvania 19465 | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
|         v. | : | NO. |
| | : | |
| ANEW RECRUIT, LLC | : | JURY TRIAL DEMANDED |
| Two Turtle Creek Center | : | |
| 3838 Oaklawn Avenue | : | |
| Suite 1000 Dallas, Texas 75219 | : | |
|     Defendant | : | |

## **COMPLAINT**

Plaintiff, John Pascucci, by and through his undersigned counsel, hereby avers as follows:

### I.    **Introduction**

1.  Plaintiff initiates this action to redress violations by Defendant, Anew Recruit, LLC, of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the Pennsylvania Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("WPCL"), and a common law contract claim.

2.  This case is simple. Defendant Anew Recruit, LLC maintained an unlawful policy that denied payments to Plaintiff for overtime hours worked. This policy violated the FLSA, PMWA, and the WPCL. While the policy was eventually changed, Plaintiff is entitled to overtime pay for the overtime hours he worked before the policy change. Furthermore, Defendant refused to compensate Plaintiff not only for overtime hours worked, but also some regular time hours worked. Finally, Plaintiff's employment contract, which is attached hereto as Exhibit A, states that Plaintiff is entitled to three months of severance pay. Plaintiff has requested payment on

multiple occasions, but Defendant refuses to comply with the FLSA, PMWA, WPCL, and the contract between the parties.

## II.    Jurisdiction and Venue

3.   This action is initiated pursuant to federal law. The United States District Court of the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative facts.

4.   This Court may properly maintain personal jurisdiction over Defendant and venue is proper in the Eastern District of Pennsylvania because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court in International *Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154 (1945) and its progeny. More specifically, Defendant Anew Recruit LLC is a national recruiting and staffing agency which place technology consultants in Philadelphia, among other cities. *See* www.anewrecruit.com (last visited 8/21/19) ("With our corporate headquarters in Chicago, IL, we also provide services in . . . Philadelphia . . . .")

5.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III.    Parties

6.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.   Plaintiff is an adult individual, who resides at 895 Scholl Road, Pottstown, Pennsylvania

19465.

8. Defendant Anew Recruit is a company engaged in the business of recruiting, staffing, and/or providing consultants in technology. The company is owned and/or operated by Elizabeth DeFazio (Chief Executive Officer and the founder of the business) and Alfredo Aoun (the Chief Operating Officer and a partner in the business). The business is incorporated at Two Turtle Creek Center 3838 Oaklawn Avenue Suite 1000 Dallas, Texas. It advertises its corporate headquarters as being located at 1765 West Altgeld Street, Unit C, Chicago, Illinois 60614.

## IV.    <u>Factual Background</u>

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff was hired by Defendant and began working for Defendant on February 12, 2018. (A copy of his Employment Agreement is attached hereto and incorporated by reference as Exhibit A.)

11. Defendant employed Plaintiff from February 12, 2018 to May 2, 2019.

12. Defendant placed Plaintiff at AmerisourceBergen, where he worked as a Scrum Master II Consultant.

13. The Parties renewed the Employment Agreement on September 17, 2018, and extended it to September 30, 2019. (*See* Exh. A; *see also* emails from Erin Bauer to Plaintiff, dated September 11, 2018 attached hereto as Exhibit B).

14. Erin Bauer is the Delivery Manager of Anew Recruit, LLC.

15. Defendant terminated Plaintiff without cause on May 2, 2019.

16. Although he worked at a facility operated by AmerisourceBergen located at 1400 Morris Drive, Chesterbrook, PA 19087, Plaintiff was an employee of Defendant. *See* Exh. A.

17. Plaintiff was paid $75.00 per hour by Defendant on a semi-monthly basis based on the

amount of hours he worked on a weekly basis. *See* Exh. A.

18. All of Plaintiff's paychecks were issued by Defendant. (Plaintiff's paystubs are attached hereto and incorporated herein by reference as Exhibit C.)

19. Although Defendant placed Plaintiff as a Consultant at AmerisourceBergen, Plaintiff was neither paid nor employed by AmerisourceBergen.

20. The terms of Plaintiff's employment, including any possible grounds for his dismissal, were governed by his Employment Agreement. *See* Exh. A.

21. According to paragraph 3(b)(iii) of the Employment Agreement, if Plaintiff was fired without cause, he would be owed three months of severance. *See* Exh. A.

22. Even without including overtime, assuming $75.00 per hour for 40 hours of work per week for 13 weeks, three months of severance equates to $39,000.00.

23. Plaintiff was not terminated for cause.

24. Pursuant to the Employment Agreement, Defendant owes Plaintiff three months of severance compensation.

25. According to paragraph 3(c)(i)-(vi) of the Employment Agreement there are six grounds for a termination for cause: (i) conviction of a felony; (ii) use of drugs or alcohol while working; (iii) disability or illness for more than 60 days; (iv) death; (v) attempt to divert business away from Anew Recruit; and (vi) "material breach" of the Agreement. *See* Exh. A

26. Defendant has never alleged the applicability of any of the six grounds for a termination for cause.

27. The sixth ground for termination for cause ("material breach") is defines as a failure to perform duties and responsibilities under the Agreement. *See* Exh. A.

28. Defendant has never alleged that Plainitff committed a "material breach" of the

Employment Agreement.

29. In the event of a "material breach," Defendant was required to give Plaintiff 30 days of notice and the opportunity to cure the breach; however, no such notice was given.

30. Plaintiff did not breach the Employment Agreement.

31. Plaintiff performed all of his duties under the Employment Agreement.

32. In the event of any termination, whether for cause or without cause, Defendant was required to provide Plaintiff with 10 days of notice; this did not occur.

33. From Plaintiff's start date on February 12, 2018 until June 1, 2018, Defendant did not permit Plaintiff to bill for overtime hours worked.

34. Overtime hours should be billable at "time and a half" or $112.50 per hour.

35. From February 12, 2018, until June 1, 2018, Plaintiff worked 19.75 hours of overtime and should have been compensated at a rate of $112.50 per hour, for a total of $2,221.88.

36. Defendant eventually permitted Plaintiff to begin billing for overtime hours worked starting on June 1, 2018.

37. Although Defendant permitted Plaintiff to bill for hours he worked each week in excess of 40 hours, Defendant only paid him his regular time rate of $75.00 per hour instead of $112.50 per hour for his overtime hours.

38. From June 1, 2018 until May 2, 2019, Plaintiff worked 49.5 hours of overtime and was paid only $3,712.50 for those hours worked ($75.00 per hour for 49.5 hours), instead of $5,568.75 ($112.50 per hour for 49.5 hours). Plaintiff is owed the difference of $1,856.25 for these 49.5 hours of overtime

39. In addition, from February 12, 2018 until April 19, 2019, Plaintiff worked 173 regular time hours for which Defendant originally did not compensate Plaintiff. On or about April 19,

2019, after Plaintiff continued to complain about Defendant's failure to pay earned compensation, Defendant paid Plaintiff for 92.5 hours of the 173 regular time hours that Plaintiff worked between February 12, 2018 and April 19, 2019. Nevertheless, Defendant owes Plaintiff for 80.5 hours of regular time hours worked from February 12, 2018 to April 19, 2019, which equates to $6,037.50.

40. Furthermore, Plaintiff was furloughed without pay unexpectedly for eight days (64 hours) in December of 2018.

41. The Parties' Employment Agreement does not contemplate any period of unpaid furlough. *See* Exh. A.

42. Plaintiff demanded payment of said 64 hours from Defendant (64 hours at $75.00 per hour equates to $4,800.00), but Defendant refused to compensate Plaintiff

43. Plaintiff began complaining about Defendant's failure to pay him earned wages since the receipt of his first paycheck on March 1, 2018, which did not include pay for his first two days of work on February 12 and 13, 2018.

44. During his approximately 15 months of employment, Plaintiff regularly complained to Defendant that Defendant was not paying Plaintiff the regular time and overtime hours he worked.

45. Plaintiff was never disciplined or reprimanded for his work for Defendant.

46. Because Plaintiff was not terminated for cause and had an employment contract that extended until September 30, 2019, Plaintiff believes and therefore avers that Defendant terminated Plaintiff because Plaintiff regularly complained that Defendant was not paying Plaintiff the regular time and overtime hours he worked.

47. Plaintiff believes and therefore avers that although Defendant agrees that Plaintiff was

not terminated for cause and although Defendant has a contractual obligation to pay Plaintiff his severance pay, Defendant is refusing to pay Plaintiff his severance pay in retaliation for demanding compensation for unpaid regular time and overtime hours.

48. On May 20, 2019, Plaintiff, through undersigned counsel, gave Defendant notice of his intent to file suit and demanded payment of his outstanding overtime and regular time compensation and payment of his severance package. (*See* Ltr from D. Daniel Woody, Esq. to Elizabeth Defazio, attached hereto and incorporated by reference as Exhibit D).

49. However, Defendant, through COO Aoun, refused to pay his severance, claiming that there is an employment contract in place that has different terms than the Employment Agreement attached hereto as Exhibit A.

50. However, Defendant, through COO Aoun, refused to produce the alleged different employment contract.

51. There is no employment contract in existence between the parties with terms different than the Employment Agreement attached hereto as Exhibit A.

52. Plaintiff is unaware of an employment contract with terms different than the terms in the Employment Agreement attached hereto as Exhibit A.

53. If there is a different employment contract, Defendant has never provided it to Plaintiff.

54. Defendant's inane excuse that there is a different employment contract that is in place, combined with Defendant's inability to produce the alleged document, demonstrates that Defendant is refusing to pay Plaintiff his severance pay and earned regular time and overtime compensation in retaliation for asserting his rights under the FLSA, WPCL, and PMWA.

55. Defendant is intentionally refusing to pay Plaintiff his severance pay and earned compensation.

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Wages)**

56. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

57. At all times herein, Plaintiff was an "employee" within the meaning of the FLSA.

58. The FLSA requires covered employers, such as Defendant, to minimally compensate its employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (i.e., hours in excess of 40 hours in a workweek).

59. At all times during his employment with Defendant, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

60. Defendant knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

61. Defendant failed to pay Plaintiff 1.5 times Plaintiff's regular rate of pay for each hour worked over 40 hours in numerous workweeks.

62. As a result of Defendant' intentional failure to pay Plaintiff the overtime compensation due to him, Defendant violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

63. Plaintiff therefore seeks all remedies permitted under the FLSA for unpaid wages, as well as penalties and interest.

64. Defendant, through COO Aoun, concocted the ridiculous excuse that a different employment contract existed that controlled over the Employment Agreement after Plaintiff made a good faith effort to settle this dispute.

65. Defendant refused to provide the alleged other employment contract.

**Count II**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Retaliation)**

66. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

67. Defendant retaliated against Plaintiff and/or terminated Plaintiff in substantial part because of his legitimate complaints that he was not being properly compensated for his overtime hours.

68. Plaintiff's termination due to his complaints of unpaid overtime wages constitutes unlawful retaliation and a violation of the FLSA.

**Count III**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Wages)**

69. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

70. At all times relevant herein, Defendant is, and continues to be, an "employer" within the meaning of the PMWA.

71. At all times relevant herein, Plaintiff is, and continues to be, an "employee" within the meaning of the PMWA.

72. The PMWA requires covered employees, such as Defendant, to minimally compensate its "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 hours per workweek.

73. At all times during his employment with Defendant, Plaintiff was a "non-exempt" employee within the meaning of the PMWA.

74. Defendant failed to pay Plaintiff 1.5 times Plaintiff's regular rate of pay for each hour worked over 40 each workweek.

75. As a result of Defendant's intentional failure to pay Plaintiff the overtime compensation

due to him, Defendant violated the PMWA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

76. Plaintiff therefore seeks all remedies permitted under the PMWA for unpaid wages, as well as penalties and interest.

## Count IV
## Violations of the Wage Payment and Collection Law ("WPCL")
### (43 P.S. § 260.3(a)-(b))

77. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

78. Plaintiff had an Employment Agreement (exh. A) with Defendant whereby Defendant agreed to compensate Plaintiff for services he performed during his employment.

79. Because he was not terminated for cause, Defendant failed to pay Plaintiff his severance package outlined in his Employment Agreement (exh. A).

80. In addition, Defendant failed to compensate Plaintiff for all wages owed during his employment.

81. Plaintiff performed the agreed-upon services for Defendant, and Defendant failed to properly pay Plaintiff for the services as specified by the Employment Agreement (exh. A).

## Count V
## Breach of Contract

82. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

83. Plaintiff and Defendant contracted on January 25, 2018 for Plaintiff to provide services as a Consultant on a full-time basis. (Exh. A).

84. On September 17, 2018, Plaintiff and Defendant extended the Employment Agreement to September 30, 2019, by signing the Statement of Work, which is appended to the Employment Agreement.

85. Defendant terminated Plaintiff without cause on May 2, 2019.

86. Pursuant to paragraph (3)(b) of the Agreement, Plaintiff is entitled to three months' severance if he is terminated without cause.

87. Plaintiff was terminated without cause, but Defendant has refused to pay his severance.

**WHEREFORE**, Plaintiff prays this Court enter an Order providing that:

A.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant' illegal actions, including but not limited to back pay, front pay, severance pay, pay increases, bonuses, insurance, and benefits;

B.     Enforce the Employment Agreement (Exhibit A) and require Defendant to pay Plaintiff his severance package for his termination without cause;

C.     Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant' actions;

D.     Plaintiff is to be awarded liquidated damages, as permitted by applicable law for Defendant's failure to pay earned compensation, including but not limited to back pay, front pay, severance pay, pay increases, bonuses, insurance, and benefits;

E.     Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

F.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

Dated: August 21, 2019

**/s/ *D. Daniel Woody***
D. Daniel Woody, Esquire
Pennsylvania Bar No. 309121
WOODY LAW OFFICES, P.C.
110 W. Front Street
Media, Pennsylvania 19063
Telephone: (610) 566-8770
Facsimile:  (610) 566-5168
Email: d.daniel.woody@gmail.com
Counsel for Plaintiff